ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **POPULAR AUTO, LLC**<br><br>Apelado<br><br>v.<br><br>**SUCESIÓN DE SUGRIM J. ALMÉSTICA ROSARIO, compuesta por AWILDA ALMÉSTICA ROSARIO; RAÚL RODRÍGUEZ FEBUS**<br><br>Apelantes<br><br>**OSVALDO DURÁN RODRÍGUEZ**<br><br>Tercero Demandado | KLAN202300873 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.: **CA2019CV00985**<br><br>Sobre: Cobro de Dinero por la Vía Ordinaria y Ejecución de Gravamen Mobiliario (Reposesión de Vehículo) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

La señora Awilda Alméstica Rosario (señora Alméstica Rosario o parte apelante) acude ante nos y solicita que revoquemos la *Sentencia Parcial* dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, (TPI) el 8 de agosto de 2023. Mediante la misma, el foro primario declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por la parte apelada, Popular Auto, LLC. (Popular Auto). En consecuencia, ordenó a la señora Alméstica Rosario pagarle a Popular Auto la suma de $40,689.16 por concepto de deuda más los intereses y cargos acumulados y $12,206.75 por concepto de honorarios de

abogado. Además, declaró *No Ha Lugar*, por el momento, la reposesión del vehículo en cuestión.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

**I.**

Según surge del expediente, el 22 de marzo de 2019, Popular Auto, LLC. (Popular Auto) incoó una *Demanda* sobre cobro de dinero por la vía ordinaria y ejecución de gravamen mobiliario (reposesión de vehículo) en contra de la Sucesión de Sugrim J. Aléstica Rosario, compuesta por la señora Awilda Aléstica Rosario. Alegó que, el 3 de agosto de 2013, suscribió un contrato de arrendamiento con el señor Sugrim Aléstica Rosario mediante el cual le concedió financiamiento para adquirir el vehículo marca Hyundai modelo Génesis por la suma de $28,995.00. Adujo que inscribió el acuerdo de arrendamiento sobre el mencionado vehículo en el Departamento de Transportación y Obras Públicas, conforme dispone la *Ley para Regular los Contratos de Arrendamiento de Bienes Muebles*, Ley Núm. 76 de 13 de agosto de 1994, según enmendada. Esbozó que la parte demandada esgrimió que el vehículo fue hurtado. Añadió que el señor Sugrim Aléstica Rosario falleció el 9 de julio de 2016 y dejó como única y universal heredera a su madre, la señora Aléstica Rosario. Esbozó que esta última incumplió con sus obligaciones al no continuar con el pago del canon correspondiente, según estipulado en el contrato. Arguyó que, debido a lo anterior, tenía derecho a la reposesión del vehículo y, a la fecha de la demanda, al pago de la suma total de $40,689.16, más los intereses y cargos correspondientes, como fueron pactados.

Popular Auto solicitó al Tribunal que expidiera citación y orden de interpelación judicial a la señora Alméstica Rosario, al palio del Artículo 959 del Código Civil, 31 LPRA sec. 2787.[1] En junio de 2019, la señora Alméstica Rosario fue emplazada e interpelada personalmente. En la *Orden* de interpelación notificada el **3 de junio de 2019**, el TPI expresó lo siguiente:

> [...] Se ordena a los herederos de los causantes, a saber, Awilda Alméstica Rosario a que dentro del término legal de treinta (30) días contados a partir de la fecha de la notificación de la presente Orden, acepten o repudien la participación que les corresponda en la herencia del Sr. Sugrim J. Alméstica Rosario.
> **Se les apercibe a los herederos antes mencionados que de no expresarse dentro de ese término de treinta (30) días en torno a su aceptación o repudiación de la herencia, esta herencia se tendrá por aceptada. También se les apercibe a los herederos antes mencionados que luego del transcurso del término de treinta (30) días antes señalado contados, a partir de la fecha de la notificación de la presente Orden, se presumirá que han aceptado la herencia del causante, y por consiguiente, responden por las cargas de dicha herencia conforme dispone el Artículo 957 del Código Civil, 31 L.P.R.A. §2785.** (Énfasis nuestro).

El **9 de julio de 2019**, la señora Alméstica Rosario presentó una *Contestación a Querella* por derecho propio. En esta aceptó varias alegaciones y negó otras. Específicamente, expuso que desconocía la obligación contraída por su hijo con Popular Auto.

El 6 de febrero de 2020, Popular Auto enmendó la demanda de referencia, con el propósito de añadir como parte demandada al señor Raúl Rodríguez Febus, su esposa, y la Sociedad Legal de Gananciales compuesta por ambos e incluir nuevas alegaciones a raíz del informe de investigación realizado, el cual reflejó que hubo un traspaso de título no autorizado del vehículo en controversia. Detalló que el señor Rodríguez Febus era el actual

---

[1] El Código Civil de 1930 (derogado) es el aplicable a los hechos de la presente causa.

poseedor del automóvil objeto del pleito. El 1 de septiembre de 2020, la señora Alméstica Rosario anunció la contratación de representación legal.

Luego de varios trámites no necesarios de pormenorizar para la resolución de este caso, el 27 de diciembre de 2021, Popular Auto incoó una *Moción en Solicitud de Sentencia Sumaria.* En relación con la señora Alméstica Rosario, alegó que, al ser la única heredera de su hijo y haber aceptado la herencia, asumió la obligación reclamada y, por ende, era responsable de pagar la cantidad detallada en la demanda. Argumentó que el tribunal debía determinar si procedía dictar sentencia sumaria en cobro de dinero en contra de la señora Alméstica Rosario y la reposesión de vehículo que se encuentra en posesión del señor Rodríguez Febus.

En su escrito, Popular Auto enumeró 27 hechos materiales sobre los cuales entendía que no existía controversia. Particularizó que era un hecho cierto el acuerdo entre las partes, la titularidad de Popular Auto sobre el vehículo, el incumplimiento de la señora Alméstica Rosario con los términos del contrato y la procedencia del cobro de los cánones vencidos, así como el reclamo de reposesión del vehículo. Añadió que su derecho a exigir el pago en cuestión emanaba de los términos y condiciones pactadas en el contrato como titular del vehículo. Destacó que, el hecho de que el auto no estuviera registrado en el Departamento de Obras Públicas y/o el CESCO a nombre de Popular Auto no le impedía instar la reclamación de referencia. Así, solicitó al foro de instancia que declarara *con lugar* la demanda y dictara sentencia en contra de la señora Alméstica Rosario, condenándole a pagar las sumas previamente expuestas.

Además, en virtud de su derecho como titular del vehículo, Popular Auto requirió que se autorizara la reposesión del vehículo en cuestión.[2]

Por su parte, la señora Alméstica Rosario se opuso a la solicitud de sentencia sumaria de Popular Auto. A su vez, solicitó que se dictara sentencia sumaria a su favor, desestimando la demanda en su contra por ser improcedente como cuestión de hecho y de derecho. En su comparecencia, argumentó que en el presente caso concurrían los elementos necesarios para la aplicación de la doctrina "*rebus sic stantibus*". En esa dirección, adujo que al momento de tramitar la declaratoria de herederos de su hijo desconocía la existencia del vehículo Hyundai Génesis en controversia y de la deuda reclamada por Popular Auto. Precisó que dicha deuda era sumamente onerosa para su condición económica. Pormenorizó que la pretensión de Popular Auto de reclamarle la suma adeudada por su hijo fallecido tornaría la resolución sobre la declaratoria de herederos nula por error en el consentimiento. Añadió que, de haber sido informada de la referida deuda, hubiera repudiado la herencia, pues se le haría imposible pagarla.

Cónsono con lo anterior, la señora Alméstica Rosario argumentó que en el caso de autos era aplicable la doctrina de incuria y abuso del derecho a Popular Auto. Ello, porque desde diciembre de 2013, el acreedor conocía del incumplimiento de la obligación, así como del poseedor y usuario del vehículo. Pormenorizó que Popular Auto nada hizo para reposeer el auto

---

[2] Anejó a su solicitud de sentencia sumaria los siguientes documentos: contrato de arrendamiento del vehículo concernido; *Orden de Compra*; declaración jurada suscrita por la señora Lourdes Mojica Fernández, supervisora de la División Legal de Popular Auto; *Resolución* sobre declaratoria de herederos del señor Sugrim Rosario Alméstica, entre otros. Apéndice del recurso, págs. 83-127.

oportunamente, con el objeto de mitigar su pérdida. Adujo que, transcurridos seis (6) años del incumplimiento de la obligación y a tres (3) años del fallecimiento de su hijo, pretendía cobrarle la deuda, aun cuando nunca se benefició en forma alguna del auto. Razonó que la conducta selectiva de Popular Auto en reclamarle a esta exclusivamente la suma de $40,689.15 constituía un abuso del derecho. Opinó que el reclamo en cuestión no le era exigible.[3]

Considerado todo lo anterior, y en lo pertinente, el 10 de agosto de 2023, el TPI dictó la *Sentencia Parcial* impugnada. Según adelantado, el foro juzgador declaró *ha lugar* la solicitud de sentencia sumaria interpuesta por Popular Auto, en cuanto a la acción de cobro de dinero. Consecuentemente, ordenó a la señora Alméstica Rosario pagarle a Popular Auto las siguientes sumas: (a) 40,689.16, por concepto de deuda más los intereses y cargos que se

acumularon y (b) $12,206.75 por concepto de honorarios de abogado. Además, declaró *no ha lugar* la solicitud de reposesión del vehículo marca Hyundai, modelo Genesis del año 2013.

En su análisis, el Tribunal concluyó que Popular Auto estableció mediante sus alegaciones y documentación anejada

---

[3] Anejó a su solicitud los siguientes documentos: Licencia del vehículo marca Mitsubishi Outlander, modelo 2011, a nombre de Sugrim Alméstica Rosario; Carta de 23 de junio de 2016 suscrita por Awilda Alméstica Rosario; Petición de Declaratoria de Herederos, Caso Civil KJV2017-0644; Resolución de Declaratoria de Herederos, Caso Civil KJV2017-0644; Planilla de Caudal Relicto de Sugrim Alméstica Rosario; Relevo de Hacienda de Sugrim Alméstica Rosario; Relación de Pagos a First Bank realizados por la demandada Awilda Alméstica Rosario del vehículo Mitsubishi Outlander, modelo 2011; Recibo de Pago total préstamo vehículo marca Mitsubishi Outlander, modelo 2011; Carta de saldo préstamos 00738670774362 de vehículo Mitsubishi Outlander 2011; Declaración Jurada de Awilda Alméstica Rosario de 5 de julio de 2017 solicitando el registro a su nombre del vehículo de motor Mitsubishi Outlander, año 2011; Licencia del vehículo marca Mitsubishi Outlander, año 2011 a nombre de Awilda Alméstica Rosario; Emplazamiento a Awilda Alméstica Rosario; Contestación a Demanda radicada por la demandada Awilda Alméstica Rosario; Querella 2019-8-700-000773 radicada por Awilda Alméstica Rosario; Investigación realizada por Awilda Alméstica Rosario; Interrogatorio enviado al demandante acreedor Banco Popular de Puerto Rico por la demandada Awilda Alméstica Rosario; Contestación a Interrogatorio cursado por el acreedor demandante Banco Popular y Declaración Jurada de Awilda Alméstica Rosario de 14 de febrero de 2022. Apéndice del recurso, págs. 150-195.

que no existía controversia sustancial sobre los hechos materiales y pertinentes en cuanto al incumplimiento de los términos del contrato. Esbozó que el fenecido señor Sugrim Alméstica Rosario se comprometió a efectuar todos los pagos de arrendamiento como cantidades vencidas aun cuando el vehículo estuviese dañado, robado o destruido, con defectos o que no pudiese utilizarlo. Así mismo, asumió su responsabilidad en caso de pérdida, destrucción o daño del vehículo. Afirmó que Popular Auto acreditó el incumplimiento continuo con los pagos que se había acordado mediante contrato escrito.

Por otra parte, el foro primario expresó que:

Además de ello, en vista de que el Sr. Sugrim Alméstica había fallecido, Popular Auto diligenció emplazamiento personal e interpelación judicial a la Sra. Awilda Alméstica (madre del Sr. Sugrim Alméstica) para que en el término de treinta (30) días aceptara o repudiara la herencia. De igual manera, **se le apercibió que, de no expresarse dentro del término concedido, la herencia se tendría por aceptada**. El diligenciamiento del emplazamiento personal se llevó a cabo el 12 de junio de 2019 pero, no es hasta el 24 de junio de 2019 que se le informó al Tribunal. En el caso que nos ocupa, la Sra. Awilda Alméstica en su contestación a la querella se limitó alegar que desconocía de la obligación que había contraído su hijo (Sr. Sugrim Alméstica). Aludió que nunca había visto o tenido conocimiento del vehículo. A pesar de lo anterior, **presentó querella e informó que su hijo había fallecido e informó que esté tenía un vehículo marca Hyundai, modelo Genesis siendo su paradero desconocido**. (Énfasis en el original).

En armonía con lo anterior, el TPI coligió que la señora Alméstica Rosario no repudió la herencia dentro del término de 30 días que se le concedió y del cual fue apercibida de las consecuencias de no contestar. Añadió que, transcurrido el antedicho término, la herencia se entendió aceptada. Así, dispuso que, tal como establece el ordenamiento jurídico, al aceptar la herencia, el heredero responde frente a los acreedores del

causante, no solamente con el valor de los bienes recibidos, sino también con los propios. Concluyó que, toda vez que la señora Alméstica Rosario aceptó la herencia y se convirtió en la única heredera del señor Sugrim Alméstica Rosario, procedía, como cuestión de derecho, que respondiera a Popular Auto por la deuda contractual de epígrafe.

Insatisfecha, la señora Alméstica Rosario solicitó reconsideración, pero la misma fue denegada mediante *Orden* emitida y notificada el 1de septiembre de 2023. Aun en desacuerdo, esta acude ante nos y alega que el TPI cometió los siguientes errores:

> PRIMER ERROR - Erró el Tribunal de Primera Instancia al ordenar a la apelante Sra. Awilda Alméstica Rosario a pagar a Popular Auto la cantidad de $40,689.16 de deuda, y $12,206.75 en honorarios de abogado, al resolver que esta aceptó la herencia de su fenecido hijo Sugrim J. Alméstica Rosario de forma pura y simple, a pesar de que medió error en el consentimiento de la señora Alméstica Rosario a aceptar la herencia de su hijo, debido a que esta no tenía forma de diligentemente conocer de esta deuda.

> SEGUNDO ERROR – En la alternativa, erró el Tribunal de Primera Instancia al ordenar a la Sra. Awilda Alméstica Rosario a pagar a Popular Auto la cantidad de $40,689.16 de deuda y $12,206.75 en honoraros de abogado, pues a base de la Ley para regular los contratos de arrendamiento de bienes muebles, el TPI venia obligado a ordenar la reposesión y venta del vehículo arrendado previo a ordenar el pago de cuantía alguna al arrendatario.

El 2 de octubre de 2032, emitimos *Resolución*, mediante la cual le concedimos a Popular Auto 20 días para presentar su alegato. El 17 de octubre de 2023, Popular Auto compareció mediante *Moción Solicitando Prórroga para Cumplir con Orden*. A lo anterior, este Foro concedió un término a vencer el 17 de noviembre de 2023 con la advertencia de que, transcurrido el mismo, dispondríamos del recurso sin su posición.

El 16 de noviembre de 2023, Popular Auto instó una *Moción Solicitando Renuncia a Representación Legal*. En esta, avisó que el bufete Bellver Espinosa ya no estaría a cargo de la representación de Popular Auto, por lo que solicitó que se aceptara su renuncia y concediera un término de 30 días para anunciar una nueva representación legal. En atención a la antedicha moción, dictamos *Resolución* el 4 de diciembre de 2023, aceptamos la renuncia solicitada por Popular Auto y concedimos hasta el viernes, 8 de diciembre de 2023 para informar su nueva representación legal. Por medio de una *Moción en Cumplimiento de Orden* instada el 20 de diciembre de 2023 por Popular Auto, esta solicitó nuevamente un término de 30 días para informar la nueva representación legal. Esta vez otorgamos hasta el 8 de enero de enero de 2024. Llegado a este punto, el 16 de enero de 2024, dictamos *Resolución*, en la cual expresamos lo siguiente:

> El 29 de septiembre de 2023 se presentó el recurso de epígrafe. Desde entonces, se le han concedido prórrogas a la apelada Popular Auto, LLC. para que expongan su posición del recurso instado.
>
> Las mismas han sido infructuosas por lo que damos por perfeccionado el mismo.

Con el anterior cuadro fáctico, procedemos a resolver sin el beneficio de la comparecencia de la parte apelada, Popular Auto.

**II.**

**A.**

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V, R. 36; *Oriental Bank v. Caballero García*, 2023 TSPR 103, resuelto el 23 de agosto de 2023. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y

económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118, resuelto el 29 de septiembre de 2023; *Ferrer et. al. v. PRTC*, 209 DPR 574, 580-581 (2022).[4] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González et al. v. M. Cuebas*, supra. La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. Véase, *S.L.G. Zapata Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).[5]

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023); *Zambrana García v. ELA et al.*, 204 DPR 328, 341-342 (2020). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de tal naturaleza que permita concluir que existe una controversia real y sustancial sobre

---

[4] Véase, además, *Adorno v. Foot Locker Retail*, 208 DPR 622 (2022); *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1024 (2020); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015).
[5] Véase, además, *González Meléndez v. Municipio Autónomo de San Juan y otros*, 2023 TSPR 95, resuelto el 24 de julio de 2023.

hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, supra, págs. 213-214; *Meléndez González et al. v. M. Cuebas*, supra, pág. 110.

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa que demuestren que existe una controversia real que debe ser dilucidada en un juicio. Si no lo hace se dictará en su contra la sentencia sumaria si procediere. *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652, 665-666 (2000). Ahora, el hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". *Ramos Pérez v. Univisión*, supra, pág. 215, citando a *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983).

Nuestro estado de derecho les exige a los tribunales que, independientemente de cómo resuelvan una moción de sentencia sumaria, emitan una lista de los hechos que encontró que no están en controversia en el pleito y los que sí lo están. *Meléndez González et al. v. M. Cuebas*, supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones

de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 913-914 (1994). El Tribunal Supremo de Puerto Rico ha expresado que, casos en los cuales existan elementos subjetivos, de intención, propósitos mentales o negligencia o cuando el factor de credibilidad sea esencial, no es apropiado dictar sentencia sumaria. *Ramos Pérez v. Univisión,* supra, pág. 219.

En *Meléndez González et al. v. M. Cuebas,* supra, el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La labor de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo,* 161 DPR 308, 334 (2004). Finalmente, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas,* supra, pág. 119. Véase, además, *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros,* 2023 TSPR 80, resuelto el 26 de junio de 2023.

**B.**

En nuestro sistema de derecho de sucesiones, la herencia no se adquiere hasta que el llamado heredero la acepte. *Rivera Rivera v. Monge Rivera*, 117 DPR 464 (1986). Es decir, el llamado a heredar no es propietario de las cosas hereditarias hasta que no acepta la herencia. *Íd.* El Artículo 959 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 2787, establece el remedio con el que cuenta un acreedor que interesa proceder contra unos herederos, para el cobro de una deuda contraída por el causante. *B.B.V.A. v. Latinoamericana*, 164 DPR 689, 695 (2005). Este remedio tiene los siguientes requisitos: (1) el acreedor debe interpelar judicialmente al heredero para que acepte o renuncie a la herencia; (2) el foro judicial debe fijar un término no mayor de treinta días para que el heredero acepte o repudie la herencia; (3) en la orden judicial correspondiente, el tribunal debe apercibir al heredero de que si no se expresa dentro del término que se le fijó, la herencia se tendrá por aceptada y (4) el heredero acepta o renuncia la herencia, mediante instrumento público o por escrito judicial. *Íd.*

La aceptación y la repudiación de la herencia, una vez hechas, son irrevocables, y no podrán ser impugnadas sino cuando adoleciesen de algunos de los vicios que anulan el consentimiento, o apareciese un testamento desconocido. La herencia podrá ser aceptada pura y simplemente, o a beneficio de inventario. La aceptación pura y simple puede ser expresa o tácita. Expresa es la que se hace en documento público o privado y tácita es la que se hace por actos que suponen necesariamente la voluntad de aceptar, o que no habría derecho a ejecutar sino con la cualidad de heredero. Los actos de mera conservación o

administración provisional no implican la aceptación de la herencia, si con ellos no se ha tomado el título o la cualidad de heredero. Arts. 951-953 del Código Civil derogado, 31 LPRA secs. 2779-2781.

En consonancia con lo anterior, el Art. 957 del mencionado cuerpo legal explica que, por la aceptación pura y simple, o sin beneficio de inventario, quedará el heredero responsable de todas las cargas de la herencia, no sólo con los bienes de ésta, sino también con los suyos propios.

**c.**

En Puerto Rico existe el principio de la libertad de contratación. El Artículo 1206 del Código Civil de Puerto Rico, 31 LPRA sec. 3371[6], sobre la existencia del contrato, dispone que: "[e]l contrato existe desde que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa, o prestar algún servicio." Es de conocimiento que su perfeccionamiento se da por el mero consentimiento y desde ahí las partes están obligadas al cumplimiento de lo expresamente pactado y a todas sus consecuencias, siempre que éstas sean conformes a la buena fe, al uso y a la ley. Artículo 1210 del Código Civil de Puerto Rico, 31 LPRA. sec. 3375.

Un contrato es válido cuando convergen los siguientes tres (3) criterios; 1) consentimiento de los contratantes; 2) objeto cierto que sea materia del contrato, y 3) causa de la obligación que se establezca. Artículo 1213 del Código Civil de Puerto Rico, 31 LPRA sec. 3391. Cuando un convenio contiene los antepuestos elementos, el mismo es obligatorio y aplicará el principio contractual de *pacta sunt servanda.* Es decir, que el acuerdo

---

[6] Los hechos del caso de autos surgen durante la vigencia del Código Civil anterior.

constituirá la ley entre las partes. Por consiguiente, los contratos surten efecto solo entre las partes que lo otorgan. Artículos 1044, 1209 y 1230 del Código Civil de Puerto Rico, 31 LPRA secs. 2994, 3374 y 3451.

Las partes contratantes "pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público". Art. 1207 del Código Civil, 31 LPRA sec. 3372. El consentimiento se manifiesta por el concurso de la oferta y de la aceptación sobre la cosa y la causa que han de constituir el contrato. Art. 1214 del Código Civil, 31 LPRA sec. 3401. No obstante, cuando el consentimiento se presta por error, violencia, intimidación o dolo, es decir, cuando está viciado porque afectó el conocimiento o la libertad del contratante, el contrato es anulable y aquél que sufrió el vicio está legitimado para impugnarlo. Art. 1217 del Código Civil, 31 LPRA sec. 3404.

**D.**

La Ley Núm. 76 de 13 de agosto de 1994, según enmendada, 10 LPRA sec. 2401 *et seq.*, conocida como la *Ley para Regular Contratos de Arrendamientos* (Ley Núm. 76-1994), se creó con el propósito de regular el arrendamiento de los bienes muebles en Puerto Rico. La misma le provee unas salvaguardas a los arrendatarios y unas garantías a los arrendadores. Artículo 2 de la Ley Núm. 76-1994.

El contrato de arrendamiento financiero o *leasing* "es un negocio jurídico cuyo contenido está formado por varias declaraciones de voluntad, las cuales producen una relación jurídica [entre las partes suscribientes] y establecen los términos que la regulan". *Andréu Fuentes y otros v. Popular Leasing*, 184

DPR 540, 553-555 (2012); *CNA Casualty of P.R. v. Torres Díaz,* 141 DPR 27, 33 (1996).

El Art. 23 de la Ley Núm. 76-1994 explica que, en los arrendamientos de consumo como el de epígrafe, una vez el arrendatario esté en mora, el arrendador notificará le notificará por escrito y le otorgará un plazo de veinte (20) días para que haga efectivo el pago del canon o cánones atrasados más la penalidad correspondiente. Se le notificará, además, que, de no efectuarse el pago dentro de dicho término, **se podrá iniciar una acción judicial de reposesión de bienes muebles, y/o en cobro de dinero, conforme a las leyes y reglas aplicables, a opción del arrendador**. 10 LPRA sec. 2421 (Énfasis nuestro).

### III.

En esencia, la apelante arguye que la *Sentencia Parcial* debe ser revocada, toda vez que aceptó la herencia de su hijo bajo la creencia errada de que el caudal estaba compuesto solamente de un vehículo Mitsubishi Outlander del 2011, y desconocía del automóvil en controversia. Alude a que tal desconocimiento la llevó a cometer un error excusable que vició el consentimiento al aceptar la herencia, por lo que este debe ser anulado.

En su primer señalamiento de error, la apelante alega que estaba impedida de repudiar la herencia de su hijo en el término concedido por el TPI porque la aceptó desde el 2017. Añade que el foro *a quo* conocía de la aceptación previa desde la vista de estado de los procedimientos celebrada el 22 de octubre de 2019.

Así, arguye que el Tribunal de Primera Instancia venía obligado a examinar y analizar su explicación sobre que medió un error esencial en el consentimiento al momento de aceptar la herencia de su hijo, pues desconocía la existencia del contrato de

arrendamiento financiero suscrito con Popular Auto. Resalta que la deuda en cuestión resulta sumamente onerosa a base de sus ingresos y sobrepasa, por cuatro (4) veces, el caudal dejado por el causante, según declarado en la Planilla de Caudal Relicto. Razona que el error que cometió es excusable, toda vez que no tenía forma de diligentemente conocer de la existencia del contrato de arrendamiento financiero con Popular Auto al momento en que aceptó la herencia.

Analizado ponderadamente el expediente, es evidente que el TPI concedió a los miembros de la Sucesión del señor Sugrim Aiméstica Rosario, compuesta por la apelante, el término de 30 días establecido en el Art. 959 del Código Civil de 1930, *supra,* para que aceptaran o repudiaran la herencia. Es importante destacar que esta fue apercibida que, transcurrido dicho término sin que se expresaran en torno a ello, la herencia se tendría por aceptada y, por consiguiente, respondería por las cargas de la herencia, conforme dispone el Art. 957 del Código Civil de 1930, *supra.* La interpelación judicial fue notificada personalmente a la apelante el 12 de junio de 2019. No obstante, ésta no realizó expresión alguna en el mencionado término. Lo anterior tuvo la consecuencia de dar por aceptada la herencia de forma pura y simple, o, lo que es igual, sin beneficio de inventario.

Según el Art. 957 del Código Civil aplicable, quedará el heredero responsable de todas las cargas de la herencia, no sólo con los bienes de ésta, sino también con los suyos propios. El caudal hereditario concernido incluyó la obligación económica originalmente incurrida por el causante con Popular Auto al suscribir el contrato de arrendamiento de vehículo cuyo

incumplimiento se reclamó en la demanda de referencia. El primer error no se cometió.

Por otro lado, mediante su segundo señalamiento de error, la apelante alega que el TPI venía obligado a resolver, en primera instancia, si procedía la reposesión del bien mueble arrendado, aplicara el producto de dicha venta a la deuda del contrato de arrendamiento financiero y luego cobrara al arrendatario cualquier deficiencia, si alguna. Añade que la Ley Núm. 76-1994 obligaba al arrendador, en los casos en los cuales opta por reposeer el bien mueble, a no quedarse cruzado de brazos una vez obtiene la posesión del bien mueble arrendado, sino que tenía que satisfacer su deuda mediante la venta de dicho bien o su subsiguiente arrendamiento, acreditándole al arrendatario cualesquiera sumas que reciba por dichos conceptos.

Conforme al *lease* concernido, Popular Auto acordó comprar el vehículo seleccionado por el señor Alméstica Rosario para propósitos de arrendárselo bajo ciertos términos y condiciones. Las condiciones importantes que surgen de la Cláusula 7 del contrato, en lo pertinente, estipulaban lo siguiente:

> Usted está incondicionalmente obligado a pagar todos los pagos del arrendamiento y otras cantidades vencidas por el término completo no importa lo que suceda, **aun si el vehículo le es robado, dañado o destruido, si tiene defectos o si usted ya no puede utilizarlo**. (Énfasis nuestro).

El señor Alméstica Rosario firmó, además, un "Anejo de Arrendamiento Vehículo", el cual, en la cláusula 4 establece, en lo que nos concierne, que:

> [S]i usted está bajo incumplimiento del Arrendamiento, nosotros podemos, **a nuestra opción**, proceder a dar por terminado el Contrato con usted sin notificarle, y en adición a lo provisto de acuerdo al Arrendamiento, podemos cobrarle a usted

en caso de una devolución voluntaria del Vehículo, el pago total mensual de alquiler de acuerdo al Arrendamiento menos el cargo por financiamiento no devengado al momento que el Vehículo sea devuelto, computado a base del método conocido como la suma de los dígitos o Regla 78, el Valor Residual estipulado en el correspondiente anejo, si alguno, y los gastos razonablemente incurridos en la reparación del Vehículo para ponerlo en condiciones de venta o alquiler, o su valor en el mercado si lo anterior es menor que el costo de la reparación. En adición a estas cantidades, si el Vehículo es recobrado mediante acción judicial, usted será responsable por los cargos. de financiamiento hasta que se dicte sentencia, y por los gastos y honorarios de abogados. Nosotros le acreditaremos el Producto Neto de la Venta del Vehículo, si el mismo es vendido, neto de costos y gestos inherentes al traspaso de la propiedad, o el Valor Actual bajo el nuevo contrato, si el Vehículo es arrendado nuevamente. Si usted cumple a nuestra satisfacción con las cantidades previamente indicadas y acepta pagar 5% de dicha cantidad en un período de no más de quince (15) días después que el Vehículo sea devuelto, nosotros transferiremos el título del Vehículo a usted. Esta cláusula sola y exclusivamente opera en Arrendamientos de consumo y prevalece sobre cualquier cláusula de este contrato que sea incompatible o contraria.[7]

Resulta claro que el señor Alméstica Rosario se comprometió a pagar las mensualidades del arrendamiento por el término completo del contrato sin importar la condición del vehículo, incluso en la eventualidad de que el vehículo fuera robado, dañado o destruido. Debido a que este dejó de pagar las mensualidades del arrendamiento, indudablemente transgredió los términos y las condiciones del *lease* que suscribió voluntariamente. Además, la Ley Núm. 76-1994 taxativamente expone que, a raíz del incumplimiento del arrendatario, **el arrendador tendrá la opción de iniciar una acción judicial de reposesión de bienes muebles, y/o en cobro de dinero, conforme a las leyes y reglas aplicables.** El segundo error tampoco se cometió.

---

[7] Apéndice del recurso, págs. 95-100.

A nuestro juicio, evaluada de *novo* la solicitud de sentencia sumaria concernida y su oposición, así como la prueba documental anejada, en armonía con la doctrina establecida en el caso de *Meléndez González, et al. v. M. Cuebas*, supra, y subsiguientes, concluimos que no existe controversia sobre hechos materiales que impidan resolver el caso de autos sumariamente. La apreciación de la prueba del foro de instancia no se distancia de la realidad fáctica ni tampoco es inherentemente imposible o increíble. Además, las determinaciones del TPI encontraron apoyo en la prueba admitida, y de ninguna manera confligen con el balance más racional, justiciero y jurídico de la totalidad de la evidencia. En ese sentido, no encontramos que en este caso haya mediado error manifiesto, pasión, prejuicio o parcialidad. Por lo tanto, determinamos que estamos impedidos de sustituir dicho criterio y lo único que procede es dar deferencia a la evaluación de la prueba que hizo el tribunal de instancia con respecto a este asunto.

Por consiguiente, y en ausencia de alguna fuente de derecho que nos mueva a interpretar que erró el TPI en su dictamen, confirmamos la *Sentencia Parcial* apelada.

**IV.**

En virtud de los precedentes fundamentos, confirmamos la *Sentencia Parcial* del TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones