MANUEL BERRÍOS VARGAS, menor representado por su madre DOMINGA VARGAS, demandante y apelante, *v.* LUZ MARÍA RIVÉRA, demandada y apelada.

Núm. 9766.—*Sometido:* Enero 14, 1949. *Resuelto:* Febrero 14, 1949.

*Faustino R. Aponte,* abogado del apelante; *Mariano Acosta Velarde,* abogado de la apelada.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

El menor Manuel Berríos Vargas representado por su madre con patria potestad, instó este pleito en cobro de un legado de cantidad.

Conforme se expone en los primeros cinco párrafos de la demanda, Sixto Rivera Cintrón, padre legítimo de la demandada, en testamento abierto que otorgó ante el notario Rafael Dávila Ortiz, instituyó a la demandada por su única y universal heredera, y dejó al demandante un legado de $500. En el párrafo sexto y último de la demanda se alega que la demandada se apoderó de todos los bienes de la herencia, y que se ha negado a pagar el legado. En la contestación se admiten los primeros cinco párrafos de la demanda y en relación con el sexto, se niega que la demandada se haya apoderado de todos los bienes pertenecientes a su padre o de propiedad alguna dejada por él y que su padre dejara, a la fecha de su fallecimiento, bienes de especie o valor alguno.

Celebrado el juicio, se desestimó la demanda por los méritos de la prueba. En su "Relación del Caso y Opinión" la corte a quo hace una reseña de la evidencia presentada para concluir que el testador no dejó bienes a su fallecimiento. Ello no obstante, el apelante insiste en que debió declararse con lugar la demanda porque, aun cuando el testador no dejara bienes, la heredera es responsable de las deudas y obligaciones del testador, incluyendo el legado.(¹)

Para que un heredero sea responsable de las cargas de la herencia con los bienes de ésta o con los suyos propios, precisa que la aceptación de la herencia sea pura y simple.(²)

---

(¹)El apelante no ha elevado la transcripción de evidencia, pero dada la posición que asume en este recurso, la transcripción no era necesaria.

(²)El artículo 957 del Código Civil dispone:

"Por la aceptación pura y simple, o sin beneficio de inventario, quedará el heredero responsable de todas las cargas de la herencia, no sólo con los bienes de ésta, sino también con los suyos propios."

Sin esa aceptación, expresa o tácita,([3]) no existe responsabilidad por las obligaciones del testador ni por las cargas o legados impuestos en su testamento.

■ De la "Relación del Caso y Opinión" no aparece que la apelada hubiera aceptado la herencia pura y simple. Pero en el supuesto de que la hubiere aceptado, tendríamos que concluir que la corte actuó correctamente al desestimar la demanda. Esto es así porque cuando se trata, como aquí, de un heredero forzoso, si bien éste es responsable de las deudas y obligaciones del causante, no lo es, con perjuicio de su legítima, de las cargas impuestas en el testamento. A este efecto dice el artículo 746 del Código Civil: "Para fijar la legítima se atenderá al valor de los bienes que quedaren a la muerte del testador con deducción de las deudas y cargas, *sin comprender entre ellas las impuestas en el testamento.*" (Bastardillas nuestras.) En resumen, el testador no puede menoscabar la legítima del heredero forzoso imponiendo cargas en su testamento.

■ Si el testador no dejó bienes, no hay legítima ni cuota de libre disposición que pueda ser aplicada al pago del legado. Y es obvio que si el testador no puede menoscabar la legítima del heredero forzoso, con menos razón puede imponerle la obligación de pagar con sus bienes propios las cargas dejadas en su testamento.

*Procede confirmar la sentencia apelada.*

---

([3]) El artículo 953 del Código Civil, en lo pertinente, dispone:

"La aceptación pura y simple puede ser expresa o tácita.

"Expresa es la que se hace en documento público o privado.

"Tácita es la que se hace por actos que suponen necesariamente la voluntad de aceptar, o que no habría derecho a ejecutar sino con la cualidad de heredero.