BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO, antes BANCO BILBAO VIZCAYA PUERTO RICO, demandante y recurrido, *v.* LATINOAMERICANA DE EXPORTACIÓN, INC., la SUCESIÓN DE IVETTE GONZÁLEZ, ETC., demandada y peticionaria la segunda.

*Número:* CC-2003-931      *Resuelto:* 22 de abril de 2005

*George Mottley*, abogado de la parte peticionaria; *Ángel L. Alicea Parés* y *Juan G. Casasnovas Luiggi*, abogados de la parte recurrida.

El Juez Asociado Señor Fuster Berlingeri emitió la opinión del Tribunal.

Tenemos la ocasión para precisar lo resuelto en *Banco Comercial de P.R. v. García*, 51 D.P.R. 735 (1937), y decidir si es prorrogable el término para aceptar o repudiar una herencia cuando un acreedor, que demanda a una sucesión para cobrar una deuda del causante, no ha ejercido expresamente el *interpellatio in iure* requerido por el Art. 959 del Código Civil, 31 L.P.R.A. sec. 2787.

I

El 2 de agosto de 2000 el Banco Bilbao Vizcaya de Puerto Rico (BBV) presentó ante el Tribunal de Primera Instancia una demanda en cobro de dinero contra Latinoamericana de Exportación, Inc., Gustavo Adolfo Zepeda, Ivette González, la sociedad de gananciales (integrada por ambos) y otros codemandados. Alegó que los codemandados habían garantizado personalmente el pago de un préstamo del BBV por $187,874.40 de principal y $36,473.23 de intereses hasta el 22 de junio de 2000 a favor de Latinoamericana de Exportación, Inc., y que como la deuda estaba vencida y era líquida y exigible, se le reclamaba solidariamente el pago de las cantidades adeudadas.

La codemandada Ivette González había fallecido el 9 de abril de 1999, por lo que el tribunal de instancia ordenó que se enmendase la demanda para incluir a los herederos de ésta. El 30 de noviembre de 2001 el BBV enmendó la demanda para incluir a sus hijos —Gustavo Zepeda González y Roberto Zepeda González (hermanos Zepeda González)— como herederos de Ivette González. Durante los meses siguientes, el BBV trató infructuosamente de emplazarlos personalmente, por lo que el tribunal autorizó el emplazamiento mediante edictos. *Ese edicto se publicó el*

*19 de julio de 2002 y los codemandados recibieron su copia de la demanda el 2 y 10 de agosto de 2002.*

El 20 de agosto de 2002 los codemandados hermanos Zepeda González solicitaron una prórroga de treinta días para contestar la demanda enmendada. El 12 de septiembre de 2002 el foro de instancia les notificó una prórroga de veinte días, y luego les concedió diez días adicionales para contestar la demanda en su contra.

Así las cosas, el 23 de octubre de 2002 los hermanos Zepeda González presentaron una moción de desestimación de la demanda, mediante la cual alegaron que ambos habían repudiado la herencia de Ivette González, por lo que no eran miembros de la sucesión y no procedía la reclamación en su contra. Según surgía de los documentos incluidos con la moción de desestimación referida, Roberto Zepeda González había repudiado la herencia el 29 de diciembre de 1999 y Gustavo Zepeda González el 9 de octubre de 2002, ambos mediante una escritura pública.

El BBV entonces se opuso a la desestimación solicitada, en cuanto al codemandado Gustavo Zepeda González. Adujo el BBV que debía tenerse por aceptada la herencia en cuestión, debido a que el acto de repudio se había llevado a cabo luego de transcurrido el término que concede el Art. 959 del Código Civil de Puerto Rico, *supra,* para aceptar o repudiar la herencia. En cuanto al codemandado, Roberto Zepeda González, el BBV solicitó autorización para iniciar el descubrimiento de prueba con miras a investigar si, antes de la acción de repudio de la herencia, éste había realizado algún acto que pudiese constituir una aceptación tácita de ella.

El tribunal de instancia autorizó el descubrimiento de prueba en cuanto a Roberto Zepeda González y ordenó a Gustavo Zepeda González a expresarse sobre la referida oposición del BBV. Luego de considerar los varios escritos presentados por las partes con respecto al asunto pendiente, el 10 de febrero de 2003 el foro de instancia declaró

"sin lugar" la solicitud de desestimación de Gustavo Zepeda González y le ordenó presentar en veinte días su contestación a la demanda. Inconforme con la referida determinación del foro de instancia, Gustavo Zepeda González presentó un recurso de *certiorari* ante el entonces Tribunal de Circuito de Apelaciones, mediante el cual alegó lo siguiente:

1. Incidió el Honorable Tribunal de Instancia al declarar No Ha Lugar la Moción de Desestimación basada en la defensa afirmativa de repudiación de herencia presentada oportunamente, por lo que el codemandado-peticionario no es responsable de las deudas de la herencia de su causante.

2. Incidió el Honorable Tribunal de Instancia al declarar No Ha Lugar la Moción de Desestimación y aplicar erróneamente a los hechos del caso el Artículo 959 del Código Civil de Puerto Rico sin que el demandante-recurrido haya solicitado la interpelación judicial para aceptar o repudiar la herencia; ni el Tribunal de Instancia haya señalado término para que el codemandado-peticionario expresara su intención de aceptar o repudiar; ni tampoco se le apercibiera que en caso de no expresar su intención, se entendería aceptada la herencia, según requiere el antes citado Artículo 959.

El foro apelativo rechazó el planteamiento del peticionario con respecto al Art. 959 del Código Civil, *supra*, y expresó:

Zepeda González plantea que la letra del precepto citado es clara y debe ser interpretada literalmente, de forma que, para que comience a transcurrir el término de treinta días señalado, es necesario que el tercero interesado solicite y el tribunal ordene al presunto heredero que se exprese en cuanto a su posición respecto a la herencia, y que le aperciba de que, transcurrido el término se tendrá por aceptada la herencia. Sin embargo, tal interpretación es contraria a la que el Tribunal Supremo de Puerto Rico le impartió al artículo 959 del Código Civil en el caso *Banco Comercial de P.R. v. García*, 51 D.P.R. 735 (1937).

Dicho tribunal resolvió, además, que, en el caso de autos, la presentación de la demanda y el emplazamiento habían sido suficientes para instar al peticionario a aceptar o

repudiar la herencia. Indicó que como el edicto se había publicado el 19 de julio de 2002, el peticionario tenía hasta el 18 de agosto para contestar la demanda y también para anunciar si aceptaba o no la herencia, pero no lo había hecho ya que el 20 de agosto, expirado el término de treinta días para hacer ambos pronunciamientos, había solicitado una prórroga para contestar la demanda o "hacer cualquier otro pronunciamiento que proceda en derecho". Añadió que el término para aceptar o repudiar la herencia es perentorio y concluyó:

> De esta forma, concluimos que el término de 30 días que señala el artículo 959 del Código Civil es improrrogable, por lo que la actuación del tribunal recurrido al autorizar dos prórrogas a los codemandados para contestar la demanda, no puede ser interpretada de forma tal que implique la prórroga del plazo para aceptar o repudiar la herencia del artículo 959 del Código Civil. Puesto que el peticionario Gustavo Zepeda González otorgó la escritura de repudio luego de expirado el término de 30 días, tal acto no puede tener efecto alguno ni perjudicar a la parte demandante en el presente caso.

Consecuentemente, el 23 de octubre de 2003 denegó el recurso solicitado.

Inconforme con el dictamen del foro apelativo, Gustavo Zepeda González compareció oportunamente ante nos y formuló, en lo esencial, el señalamiento siguiente:

> 1. Erró el Tribunal de Circuito de Apelaciones al denegar el recurso de *certiorari* a pesar que el Tribunal de Primera Instancia declaró No Ha Lugar la Moción de Desestimación y aplicó erróneamente a los hechos del caso el Artículo 959 del Código Civil de Puerto Rico sin darle cumplimiento a lo exigido por la propia letra de dicho artículo, a saber, sin que el demandante-recurrido haya solicitado la interpelación judicial del demandado para que este aceptara o repudiara la herencia; ni el Tribunal de Instancia haya señalado término para que el codemandado-peticionario expresara su intención de aceptar o repudiar; ni tampoco se le apercibiera que en caso de no expresar su intención, se entendería aceptada la herencia, según requiere el antes citado Artículo 959.

El 23 de enero de 2004 expedimos el recurso solicitado

para revisar el dictamen del foro apelativo de 23 de octubre de 2003 y para pautar lo que procediese en derecho.

La parte peticionaria presentó su alegato el 13 de abril de 2004, y la parte recurrida presentó el suyo el 14 de junio de 2004. Pasamos a resolver.

## II

Nos toca decidir si, en el caso de autos, el peticionario Zepeda González repudió su herencia a tiempo, de modo que procedía que se desestimase la demanda instada en su contra para cobrar una deuda de su madre.

El asunto que aquí nos concierne tiene su raíz en nuestro sistema de derecho de sucesiones. En éste rige la norma procedente de los romanos, al efecto de que la herencia no se adquiere hasta que el llamado heredero la acepte. *Rivera Rivera v. Monge Rivera*, 117 D.P.R. 464 (1986). El llamado a heredar no es propietario de las cosas hereditarias hasta que no acepta la herencia. Según explica el eminente comentarista Manuel Gitrama González, el silencio del llamado heredero en cuanto a aceptar la herencia puede dar lugar a largos años de incertidumbre con respecto a las relaciones jurídicas que, al fallecer el causante, quedaron sin sujeto cierto. Véase M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Rev. Der. Privado, 1989, T. XIV, Vol. 1, págs. 276–278.

Para paliar en algún grado esta incertidumbre, el Código Civil español, así como el nuestro, concede un remedio a cualquier interesado en que el llamado heredero se decida a aceptar o repudiar la herencia. Personas tales como los coherederos que pueden tener derecho a acrecer; los legatarios, cuyo derecho puede ser considerado como un crédito contra el heredero; los sustitutos, que podrán here-

dar si el llamado a heredar no acepta, y claro está, los acreedores del causante, que interesan cobrar sus créditos con prontitud; todos éstos *titulares de derechos expectantes* tienen un interés legítimo en terminar con la incertidumbre que existe si el llamado heredero no ha decidido si acepta o renuncia a la herencia. Albaladejo, *op. cit.*, pág. 279. Para ellos existe el remedio de la *interpellatio in iure* del Art. 1.004 del Código Civil español, y del Art. 959 del nuestro, *supra*. Veamos.

> *Término para declaración de intención*
> Instando, en juicio, un tercer interesado para que el heredero acepte o repudie, *deberá el Tribunal Superior señalar a éste un término, que no pase de treinta (30) días*, para que haga su declaración; apercibido de que, si no la hace, se tendrá la herencia por aceptada. (Énfasis suplido.) Art. 959 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2787.

■ Como puede observarse, nuestro Art. 959, *supra*, establece el remedio con el que cuenta un acreedor que interesa proceder contra unos herederos, para el cobro de una deuda contraída por el causante, en casos como el de autos. Este remedio consiste de cuatro elementos. Primero, el acreedor *debe interpelar judicialmente* al heredero para que acepte o renuncie a la herencia. Segundo, el foro judicial *debe fijar un término* no mayor de treinta días para que el heredero acepte o repudie la herencia. Tercero, en la orden judicial correspondiente, el tribunal *debe apercibir al heredero* de que si no se expresa dentro del término que se le fijó, *la herencia se tendrá por aceptada.* Cuarto, *el heredero acepta o renuncia la herencia*, mediante instrumento público o por escrito judicial.

En *Banco Comercial de P.R. v. García*, supra, en una antigua decisión de este Foro de hace siete décadas resolvimos que la demanda de un acreedor contra la sucesión en cobro de una deuda del causante, satisfacía el requisito del Art. 959 del Código Civil, *supra*, de interpelar al heredero para que aceptase o renunciase la herencia. Determinamos

que la propia demanda en cobro de dinero contra la sucesión constituía una *"intimación judicial"*([1]) para que los herederos aceptasen o repudiaran la herencia. Resolvimos así, aunque en la demanda de dicho caso no incluía expresamente ninguna interpelación como tal con respecto a que se aceptase o renunciase la herencia involucrada en ese caso.

El dictamen de *Banco Comercial de P.R. v. García*, supra, ha sido severamente criticado por Efraín González Tejera, en su obra *Derecho de Sucesiones*, San Juan, Ed. U.P.R., 2001, T. 1, págs. 187–188. Como bien señala González Tejera, lo resuelto en *Banco Comercial de P.R. v. García*, supra, era contrario a varios precedentes de este mismo Tribunal, y contrario también a lo dispuesto en el Art. 959 del Código Civil, *supra*, que requiere la interpelación judicial expresamente. Más aún, el dictamen del *Banco Comercial de P.R. v. García*, supra, no es compatible con el interés de todos los titulares de derecho expectantes, referidos antes de que el hecho de la aceptación o el repudio de una herencia quede claramente establecido. Véanse: *Finlay, Waymouth & Lee y C. Armstrong e Hijos*, 42 D.P.R. 845 (1931); *Rosa v. Sucesión García*, 32 D.P.R. 586 (1923).

La postura crítica de González Tejera con respecto a lo resuelto en *Banco Comercial de P.R. v. García*, supra —fundamentada en una interpretación y aplicación de lo que literalmente dispone el texto del referido Art. 959 en cuestión— refleja también lo que sostiene, en general, la doctrina civilista, en la cual se señala claramente que un tercero interesado en que un presunto heredero acepte o repudie la herencia *deberá ejercer* la *"interpellatio in iure"* a fin de que el tribunal designe un término para que el presunto heredero haga la declaración correspondiente, instado a ello por el debido apercibimiento judicial. Véanse: Albaladejo, *op. cit.*; J.M. Manresa y Navarro, *Co-*

---

([1]) Lo explicamos así en *Rivera Rivera v. Monge Rivera*, 117 D.P.R. 464, 481–482 (1986).

*mentarios al Código Civil español*, 7ma ed., Madrid, Ed. Reus, 1955, T. VII, págs. 496–500; J. Santos Briz, *Derecho Civil: Teoría y Práctica*, Madrid, Ed. Rev. Der. Privado, 1979, T. VI, págs. 56–57; J.L. LaCruz Berdejo y F. Sánchez Rebullida, *Derecho de Sucesiones*, Barcelona, Ed. Bosch, 1971, T. 1, págs. 119–120; X. O'Callaghan Muñoz, *Compendio de Derecho Civil*, 2da ed., Madrid, Ed. Rev. Der. Privado, 1987, T. V, pág. 45.

Lo anterior, no obstante, debe reconocerse que nuestro dictamen en *Banco Comercial de P.R. v. García*, supra, no fue tan tajante o rígido como lo interpretó el foro apelativo en este caso. En este caso señalamos:

> ... Es verdad que de acuerdo con el artículo 959 un tercero interesado puede requerir a un heredero para que acepte o repudie la herencia, *pero si con la interposición de la demanda se obtiene este propósito*, parece innecesario que se le obligue a cumplir con dicho requisito como condición precedente para establecer su reclamación. *Se trata simplemente de una cuestión de procedimiento* .... (Énfasis suplido.) *Banco Comercial de P.R. v. García*, supra, pág. 740.

En esa misma opinión, luego de señalar que la demanda del deudor podía hacer las veces del requerimiento en cuestión —del *interpellatio in iure*— indicamos a reglón seguido que, una vez presentada dicha demanda,

> ... *nada impide que [los demandados] puedan solicitar de la corte la concesión de un tiempo razonable para aceptar o repudiar la herencia.* (Énfasis suplido.) *Banco Comercial de P.R. v. García*, supra, pág. 739.

■  De lo anterior resulta evidente que, *dependiendo de sus términos*, una demanda de un acreedor contra un heredero para cobrar lo adeudado por su causante, puede constituir el *interpellatio in iure* del citado Art. 959, y que si el tribunal no fija entonces un término para que el heredero declare si acepta o renuncia la herencia, la parte demandada *puede solicitar un término razonable para hacerlo*. Visto de esta manera, armonizamos lo resuelto en

*Banco Comercial de P.R. v. García*, supra, con el claro tenor literal del Art. 959 referido y su interpretación en la doctrina civilista. Además, de esta manera evitamos adentrarnos a considerar el reclamo del peticionario Zepeda González sobre el debido proceso de ley, que en nuestros días exige, con particular rigor, que las disposiciones estatutarias sobre los derechos de las personas se observen al pie de la letra.[2]

## III

Al examinar detalladamente los hechos del caso de autos, con miras a aplicar la normativa reseñada, observamos que la demanda enmendada presentada al foro de instancia para incluir a los Zepeda González en el lugar de a su fallecida madre, fue muy escueta en cuanto al asunto que aquí nos concierne. Sólo indicaba que la Sra. Ivette González había fallecido, *"siendo los herederos de ésta Gustavo Zepeda González y Roberto Zepeda González"*. (Énfasis suplido.) Carecía de los elementos mínimos necesarios para constituir a la vez la *interpellatio in iure* en cuestión. Así pues, no se hizo en ella alegación alguna de que los Zepeda González hubiesen aceptado la herencia. Tampoco se alegó que éstos debían decidir dentro del término de treinta días fijado por el Art. 959 del Código Civil, *supra*, si aceptaban o repudiaban dicha herencia. Más aún, de ningún modo se alegó que los presuntos herederos se incluían en la demanda, no porque hubiesen garantizado personal y solidariamente la deuda de Latinoamericana de Exportación, Inc. como lo hizo su madre, sino porque ellos como herederos, quienes presuntamente habían aceptado la herencia en cuestión, respondían por las cargas de dicha herencia, conforme a lo dispuesto por el Art. 957 del Código

---

[2] Véanse: *Torres v. Junta Ingenieros*, 161 D.P.R. 696 (2004); *Pueblo v. Serbiá*, 78 D.P.R. 788, 792 (1955).

Civil, 31 L.P.R.A. sec. 2785. Véase *Berríos v. Rivera*, 69 D.P.R. 560 (1949).

■ Finalmente, y lo más importante aquí, no hubo nada en la demanda enmendada en cuestión que de modo alguno instara al tribunal a efectuar el *apercibimiento* que exige el Art. 959 del Código Civil, *supra*, de que si los herederos no hacen su declaración sobre la aceptación de la herencia dentro del plazo correspondiente, *se tendrá la herencia por aceptada*. No hubo aquí, claro está, ningún apercibimiento por parte del propio tribunal. El apercibimiento referido es el elemento medular sobre el cual se erige el derecho del acreedor de reclamarle al heredero lo debido por su causante cuando éste nada ha dicho sobre si acepta o no la herencia. Es el medio de lograr lo que en *Banco Comercial de P.R. v. García*, supra, pág. 738, identificamos como el propósito de lo dispuesto en el Art. 959 en cuestión: impedir que el heredero pueda *"evadir fácilmente con su silencio el cumplimiento de una obligación de su causante"*. (Énfasis suplido.)

A la luz de lo anterior, no se puede resolver razonablemente que la demanda enmendada en el caso de autos hacía las veces de la *interpellatio in iure* que requiere el Art. 959 del Código Civil, *supra*. Según hemos indicado ya, dicha demanda no tenía los elementos mínimos necesarios para constituir la interpelación prevista en el Art. 959 referido. Era únicamente una demanda ordinaria para cobro de dinero, carente de las alegaciones especiales que debía tener para constituir, a la vez, la interpelación exigida por el Art. 959 del Código Civil, *supra*. Es por ello que no podía darse por aceptada la herencia en el caso de autos, como erróneamente resolvió el foro apelativo aquí, aunque hubiesen pasado treinta días desde que los Zepeda González fueron emplazados con la demanda enmendada en cuestión, sin que éstos hubiesen aceptado o repudiado la herencia.

Según el foro *a quo*, la prórroga que los Zepeda Gonzá-

lez obtuvieron del tribunal de instancia para repudiar la herencia fue inoficiosa, porque supuestamente el término máximo de treinta días para aceptar o repudiar la herencia previsto en el Art. 959 del Código Civil, *supra*, no es prorrogable. *Lo que el foro apelativo no consideró al resolver de este modo es que para que tal dictamen fuese válido, al menos tenía que haber ocurrido la "interpellatio in iure" debidamente.* Debe entenderse que el término en cuestión es un plazo de tiempo *para responder a la interpelación.* Se trata obviamente de dos aspectos interdependientes de una misma norma. No puede un acreedor aprovecharse del término referido cuando éste no ha realizado antes la interpelación a partir de la cual comienza a transcurrir dicho término.

Para concluir, nótese que aún si estimáramos que la escueta demanda del caso de autos sirvió como una interpelación conforme a lo resuelto en *Banco Comercial de P.R. v. García*, supra, en esa misma opinión reconocimos que si el tribunal no fijaba un término luego de presentada la demanda del acreedor contra los herederos del deudor —como sucedió aquí— entonces éste podía solicitar la concesión de un término razonable para aceptar o repudiar la herencia, antes de contestar la demanda. Eso, en esencia, fue precisamente lo que hicieron aquí los Zepeda González, mediante la solicitud de prórroga en cuestión. Como el foro de instancia no había fijado un plazo para que ellos aceptaran o repudiaran la herencia, éstos pidieron tiempo para ello mediante la solicitud de prórroga, a tenor con lo señalado en *Banco Comercial de P.R. v. García*, supra.

■ Es menester indicar aquí, además, que el foro apelativo erró al determinar que el término de treinta días aludido era perentorio. El plazo de treinta días a que alude el Art. 959, *supra, es prorrogable*, conforme se señala claramente en la doctrina civilista. Véanse: Albaladejo, *op. cit.*, pág. 281 ("tal plazo ... a petición justificada, puede ser

prorrogado por el Juez"). LaCruz Berdejo lo señala de este modo:

> Diversos autores consideran el plazo ... como prorrogable, por tratarse de un plazo procesal. Al menos, como dice ALBA-LADEJO ... con esta opinión se logran obviar numerosos inconvenientes que se derivarían de la contraria. LaCruz Berdejo, *op. cit.*, pág. 120.

Con lo anterior coincide también el comentarista puertorriqueño José Vélez Torres. Véase J.R. Vélez Torres, *Derecho de Sucesiones*, 2da ed. rev., San Juan, Ed. Rev. Jurídica U.I.P.R., 1992, pág. 447. Tratándose, pues, de una cuestión procesal, como señalamos en *Banco Comercial de P.R. v. García*, supra, el término referido es evidentemente prorrogable. Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Pietri González v. Tribunal Superior*, 117 D.P.R. 638 (1986).

Resolvemos, pues, que *en el caso de autos el peticionario, Gustavo Zepeda González, renunció a la herencia de su madre válidamente, por lo que procedía conceder la moción de desestimación presentada ante el foro de instancia. Erraron el foro de instancia y el foro apelativo al resolver de otro modo, por lo que procede que se revoquen sus dictámenes.*

*Se dictará sentencia de conformidad.*