Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO **Recurrida** V. FULANO DE TAL; JUAN RAMÓN ÁVILA TORRES; MENGANO DE TAL; SUTANO DE TAL; VANESSA ÁVILA TORRES **Peticionaria** | KLCE202400364 | *CERTIORARI* procedente del Tribunal de Primera Instancia Mayagüez Caso Núm: MZ2023CV01056 Sobre: Cobro de Dinero (Ordinario), Propiedad Mueble, Ejecución de Hipoteca, Propiedad Comercial |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de mayo de 2024.

El 27 de marzo de 2024, la Sra. Vanessa Ávila Torres (señora Ávila Torres o peticionaria) compareció ante nos mediante un recurso intitulado *Apelación* y solicitó la revisión de la *Resolución* que se dictó el 7 de marzo de 2024 y se notificó el 8 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI).[1] Mediante el aludido dictamen, el TPI declaró No Ha Lugar una moción de desestimación que presentó la peticionaria, y en consecuencia, determinó que la repudiación de la herencia que esta presentó fue instada de manera tardía.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso de epígrafe.

---

[1] Pese a que el recurso ante nuestra consideración lleva por título *Apelación*, aclaramos que la *Resolución* recurrida es una determinación interlocutoria, por lo cual acogemos el presente escrito como un como *Certiorari* por ser el recurso adecuado para la revisión del dictamen recurrido.

Número Identificador

RES2024 _____

I.

El 21 de enero de 2023 el Banco Popular de Puerto Rico (Banco Popular o recurrido) incoó una *Demanda* sobre cobro de dinero, ejecución de prenda y ejecución hipoteca contra la sucesión de Juan Ramón Ávila Colón.[2] Sostuvo que el causante o su sucesión habían dejado de pagar un préstamo a término de tipo comercial, el cual estaba garantizado con una hipoteca. Alegó que, por tal razón, al 6 de junio de 2023, se adeudaba la suma de $93,756.59 por concepto de principal, $34,467.45 por concepto de intereses vencidos hasta dicha fecha y los cuales seguirían acumulándose diariamente, $12,500.00 en costas, gastos y honorarios de abogado, más aquellos cargos que se acumulen hasta el completo pago de la acreencia. Por tal motivo, reclamó que las sumas antes descritas eran liquidas, vencidas y exigibles y por ello requirió, entre otras cosas, satisfacer la mencionada deuda. Es preciso destacar que en el párrafo 11 de esta *Demanda*, el Banco Popular manifestó lo siguiente:

> De conformidad al Artículo 1578 del Código Civil (31 L.P.R.A. § 11021) y B.B.V.A. v. Latinoamericana, 164 D.P.R. 689 (2005), se interpela judicialmente a la Sucesión de Juan Ramón Ávila Colón t/c/c Juan Ramón Ávila y/o Juan Ávila Colón, compuesta por Fulano, Mengano y Sutano de Tal, como herederos con posible interés, para que en un término de treinta (30) días contados a partir de la notificación de esta Demanda, excluyéndose el día del diligenciamiento del Emplazamiento, acepten o renuncien la herencia, apercibiéndoseles que de no expresarse dentro de dicho término, se tendrá por aceptada la herencia de Juan Ramón Ávila Colón t/c/c Juan Ramón Ávila y/o Juan Ávila Colón.[3]

Así las cosas, el 26 de junio de 2023, el TPI expidió los correspondientes emplazamientos.[4] Cabe destacar que en los emplazamientos se incluyó este lenguaje:

> POR LA PRESENTE, además, se le interpela judicialmente conforme al Art. 1578 del Código Civil de

---

[2] Véase, Anejo II del apéndice de la peticionaria.
[3] Íd., pág. 2.
[4] Véase, SUMAC, Entrada 3.

Puerto Rico (31 L.P.R.A. § 11021), para que en un término de treinta (30) días de haber sido diligenciado este Emplazamiento, excluyéndose el día del diligenciamiento, acepte o renuncie mediante instrumento público o comparecencia judicial especial la herencia del causante Juan Ramón Ávila Colón t/c/c Juan Ramón Ávila y/o Juan Ávila Colón, apercibiéndosele que de no expresarse dentro de dicho término, se tendrá por aceptada la herencia. B.B.V.A. v. Latinoamericana, 164 D.P.R. 689 (2005).[5]

Posteriormente, el 20 de octubre de 2023, el Banco Popular presentó una *Moción Incluyendo Emplazamiento Diligenciado y en Solicitud de Autorización para Enmendar Demanda,* en la cual notificó al TPI que el 8 de octubre de 2023 se emplazó en persona a la señora Ávila Torres, por lo cual solicitó permiso para enmendar la demanda y sustituir los nombres ficticios de las partes por los nombres reales.[6] Una vez presentada la demanda enmendada, el TPI la aceptó mediante una *Resolución* que dictó el 26 de octubre de 2023.[7]

Transcurrido un tiempo, el 5 de diciembre de 2023, el Banco Popular presentó una *Solicitud de Anotación de Rebeldía y Sentencia Sin Vista.*[8] Mediante esta, sostuvo que, tras haberse expedido los emplazamientos e interpelaciones tanto por edicto como de manera personal, ningunos de los demandados e interpelados habían comparecido al pleito. Por tal motivo, solicitó al TPI la anotación de rebeldía a estas partes. Subsiguientemente, el 20 de diciembre de 2023, compareció la peticionaria mediante un *Escrito Asumiendo Representación Legal, Primera Comparecencia y Solicitud de Término Corto para Presentar la Contestación a la Demanda y Oposición a la Solicitud de Anotación de la Rebeldía.*[9] En esta, alegó que no había contratado representación legal ya que se encontraba en el proceso de orientación para poder presentar sus alegaciones. Asimismo,

---

[5] Véase, Anejo IV del apéndice de la peticionaria.
[6] Véase, apéndice del recurrido, págs. 1-2.
[7] Íd., págs. 15.
[8] Íd., págs., 26-27.
[9] Véase, Anejo V del apéndice de la peticionaria.

realizóla siguiente expresión: "[l]a aquí compareciente fue interpelada y repudia la herencia dejada por su padre el causante el Sr. Juan Ramón Ávila Colón t/c/c Juan Ramón Ávila y/o Juan Ávila Colón".[10]

De esta forma, el 21 de diciembre de 2023, presentó un *Escrito Reiterando la Repudiación de la Herencia*,[11] el cual estuvo acompañado con una escritura a esos efectos. Evaluado estos escritos, el 22 de diciembre de 2023, el TPI emitió una *Resolución* en la cual aceptó la representación legal de la peticionaria, le levantó la rebeldía y, además, le concedió un término que esta parte había solicitado previamente.[12] Posteriormente, el 2 de enero de 2024, la peticionaria presentó su *Contestación y Desestimación de Demanda Enmendada*.[13] En esta, negó ciertas alegaciones y argumentó que en este caso, el TPI no señaló un término para que la peticionaria aceptara o repudiara la herencia. Sostuvo que dado a que ya se había manifestado la repudiación en dos (2) escritos distintos anteriormente presentados, correspondía desestimar con perjuicio en su contra.

En respuesta, el 8 de enero de 2024, el recurrido presentó su *Oposición a Solicitud de Desestimación*.[14] Indicó que, en el presente caso, se interpeló judicialmente a la peticionaria a través de la *Demanda,* así como del emplazamiento expedido por el TPI, el cual estableció que el término de treinta (30) días para aceptar o repudiar la herencia vencía el 7 de noviembre de 2023, pues la señora Ávila Torres fue emplazada e interpelada el 8 de octubre de 2023. Puntualizó que, si bien el término para aceptar o repudiar una herencia es prorrogable, en la presente controversia esto no se hizo oportunamente. El 12 de enero de 2024, la señora Ávila Torres

---

[10] Íd., pág. 1.
[11] Véase, Anejo VI del apéndice de la peticionaria.
[12] Véase, Anejo VII del apéndice de la peticionaria.
[13] Véase, Anejo VIII del apéndice de la peticionaria.
[14] Véase, apéndice del recurrido, págs. 1-2.

presentó una *Escrito en Oposición a la Oposición a Solicitud de Desestimación* en la cual insistió en que el TPI no fijó el término de la interpelación y que dicha tarea les corresponde a los tribunales y no a las partes.[15]

Evaluado los escritos ante sí, el 1 de febrero de 2024, el TPI emitió una *Resolución.*[16] En esta, declaró No Ha Lugar la solicitud de desestimación de la peticionaria. El fundamento para ello radicó en que cuando la señora Ávila Torres fue emplazada también fue interpelada a aceptar o repudiar la herencia, por lo cual en ese documento constaba la orden del TPI a esos efectos. Ante esto, concluyó que la presentación de la repudiación fue tardía por lo que se daba por aceptada la herencia por parte de la peticionaria.

Insatisfecha con este dictamen, el 16 de febrero de 2024, la peticionaria presentó un *Moción de Reconsideración a la Resolución del 1 de febrero de 2024 (Entrada Núm. 24).*[17] En síntesis, reiteró su planteamiento en cuanto a que el TPI no emitió ninguna orden a los efectos de establecer el término para responder la interpelación. El 7 de marzo de 2024, el TPI emitió una *Resolución* en la cual determinó lo siguiente:

> No Ha Lugar. Véase el emplazamiento expedido por este Tribunal donde expresa lo siguiente:
>
> "POR LA PRESENTE, además, se le interpela judicialmente conforme al Art. 1578 del Código Civil de Puerto Rico (31 L.P.R.A. § 11021), para que en un término de treinta (30) días de [sic] haber sido diligenciado este Emplazamiento, excluyéndose el día del diligenciamiento, acepte o [sic] renuncie mediante instrumento público o comparecencia judicial especial la herencia del causante [sic] Juan Ramón Ávila Colón t/c/c Juan Ramón Ávila y/o Juan Ávila Colón, apercibiéndosele [sic] que de no expresarse dentro de dicho término, se tendrá por aceptada la herencia [sic]. B.B.V.A. v. Latinoamericana, 164 D.P.R. 689 (2005)." [18]

---

[15] Véase, Anejo X del apéndice de la peticionaria.
[16] Véase, Anejo XI del apéndice de la peticionaria.
[17] Véase, Anejo XII del apéndice de la peticionaria.
[18] Véase, Anejo I del apéndice de la peticionaria.

Inconforme aun, la peticionaria compareció ante nos mediante un recurso intitulado *Apelación* y formuló los siguientes señalamientos de error:

> **Primer Error: Erró el Tribunal de Primera Instancia al disponer que constituyó la ORDEN a la que alude la jurisprudencia en B.B.V.A v. Latinoamérica de Exportación, 164 D.P.R. 689 (2005), en su elemento TERCERO, la transcripción literal de la alegación número "11" de la parte demandante en el cuerpo del emplazamiento que fue expedido bajo la firma y sello del Tribunal, en Mayagüez, Puerto Rico, el 26 de junio de 2023, Lic. Norma G. Santana, Secretaria Regional II y por Ramonita Barbot Pérez, Secretaria Auxiliar I.**

> **Segundo Error: Erró el Tribunal de Primera Instancia al disponer que no procedía la repudiación de la herencia luego de dictaminar que levantó la rebeldía a la codemandada Vanessa Ávila Torres, recurrente, sin condicionar la misma.**

Atendido el recurso, le concedimos un término al Banco Popular para que presentara su alegato en oposición. Oportunamente, el 25 de abril de 2024, el Banco Popular compareció mediante una *Solicitud de Desestimación y Alegato en Oposición a Petición de Certiorari* y negó que el TPI cometiera los errores que la señora Ávila Torres le imputó. Con el beneficio de la comparecencia de las partes, procedemos a resolver el asunto ante nos.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág.

335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto post-sentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o post-sentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un

error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones