ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **P & P GETAWAYS, LLC** Apelado  v.  **SUCESIÓN DE DON FRANCISCO TRINIDAD RÍOS compuesta por DIOSARA TRINIDAD RODRÍGUEZ y ADAMIDA TRINIDAD SOTO** Apelante | TA2025AP00670 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Civil Núm.: **SJ2023CV010521**  Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2026.

Comparece ante nos, la Sra. Diosara Trinidad Rodríguez (señora Trinidad Rodríguez o parte apelante) mediante *Recurso de Apelación* y solicita que revisemos la *Sentencia Parcial* emitida el 24 de octubre de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró parcialmente *Ha Lugar* la moción de sentencia sumaria instada por P&P Getaways, LLC (P&P o parte apelada).

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

### I.

El 9 de noviembre de 2023, P&P incoó una *Demanda* sobre cobro de dinero contra el Sr. Francisco Trinidad Ríos. En esta alegó ser cesionaria en interés y acreedora de varias deudas por concepto de cuotas de mantenimiento en el Condominio Bahía A ubicado en la Avenida Las Palmas en San Juan, Puerto Rico, en virtud del contrato titulado "*Purchase and Sale Agreement*" de 4 de enero de

2023 suscrito con el Consejo de Titulares del Condominio Bahía A, incluyendo una deuda acumulada por el apartamento 1412 desde el día 1 de enero de 2008 hasta el mes de diciembre de 2022. Por tal razón, reclamó el pago de la suma ascendente a $20,666.82 por concepto de principal, derramas y penalidades al amparo del Art. 59 de la Ley 129 de 16 de agosto de 2020, según enmendada, también conocida como Ley de Condominios, 31 LPRA sec. 1291 *et seq*.

Luego de varias incidencias procesales que resultan innecesario pormenorizar, el 24 de mayo de 2024, la señora Trinidad Rodríguez compareció voluntariamente al pleito y presentó una *Contestación a Demanda*. Informó que el Sr. Francisco Trinidad Ríos falleció previo a la fecha de radicación de la demanda de epígrafe y que, mediante Resolución sobre Declaratoria de Herederos, dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, ella junto a su hermana, la Sra. Adaminda Trinidad Soto (señora Trinidad Soto), fueron declaradas únicas y universales herederas de su señor padre. Sostuvo además que no recibió comunicación alguna como gestión de cobro de la deuda reclamada en el pleito.

Luego, el 24 de mayo de 2024, P&P presentó una *Demanda Enmendada*, a los efectos de sustituir a la parte demandada en el pleito por la Sucesión de Francisco Trinidad Ríos compuesta por la señora Trinidad Rodríguez y la señora Trinidad Soto. Posteriormente, el 28 de mayo de 2024, P&P presentó una *Segunda Demanda Enmendada* para añadir una alegación interpelando a las partes codemandadas para que conforme a lo resuelto en *Banco Comercial de PR v. García*, 51 DPR 735 (1937) y *BBVA v. Latinoamericana*, 164 DPR 689 (2005) declararan su intención de aceptar o repudiar la herencia del causante.

El 27 de junio de 2024, la señora Trinidad Rodríguez presentó una *Contestación a Segunda Demanda Enmendada*. Allí alegó que efectuó pagos al Consejo de Titulares del Condominio Bahía A por

concepto de cuotas de mantenimiento correspondientes al apartamento 1412 desde el fallecimiento de su padre hasta el año 2012. Añadió que no recibió comunicación alguna, previo a la radicación de la demanda, que constituyera gestión de cobro de la deuda reclamada y declaró que aceptaba la herencia del causante.

Por su parte, el 30 de diciembre de 2024, P&P presentó una *Moción en Solicitud de Orden de Emplazamiento por Edicto* acompañada de una declaración jurada suscrita por el emplazador quien acreditó que, a pesar de haber realizado múltiples gestiones para emplazar a la señora Trinidad Soto, no pudo localizarla. Así las cosas, el 3 de enero de 2025, el foro primario emitió una orden autorizando el emplazamiento mediante edicto y, más adelante, anotó la rebeldía a la señora Trinidad Soto.

Luego de varios trámites procesales relacionados al descubrimiento de prueba, el 14 de julio de 2024, la señora Trinidad Rodríguez presentó una *Moción de Sentencia Sumaria.* En síntesis, alegó que no existía controversia de hechos materiales que impidieran al tribunal resolver el pleito mediante el mecanismo de sentencia sumaria y desestimar la demanda por insuficiencia de prueba. Sostuvo que P&P no presentó evidencia suficiente para establecer los elementos de su causa de acción en cobro de dinero. Asimismo, argumentó que, en el caso de que P&P tuviera derecho al cobro de las sumas reclamadas, no procedía el cobro de ninguna partida adeudada por cuota de mantenimiento previo a los cinco (5) años anteriores a la presentación de la reclamación.

Por otro lado, el 14 de julio de 2025, P&P instó una *Moción en Solicitud de Sentencia Sumaria [...].* En esta, adujo que no existía controversia alguna en torno a su legitimación activa para continuar el caso en su carácter de titular cesionario y acreedor de la deuda objeto de reclamación. Sostuvo que, la propiedad objeto de la reclamación se encontraba sujeta al régimen de propiedad

horizontal y acogida a las disposiciones de la Ley de Condominios de Puerto Rico, *supra,* por lo que estaba obligada al pago de las cuotas de mantenimiento, derramas, intereses y penalidades correspondientes, conforme dispone el Art. 59 de la referida ley. Puntualizó además que las partes codemandadas no presentaron evidencia que demostrara que realizaron pagos sobre las sumas adeudadas desde enero de 2013 en adelante. Por ello, solicitó al foro primario que dictara sentencia sumaria a su favor y, en consecuencia, ordenara a las partes codemandadas a pagar solidariamente la suma de $32,799.38 por concepto de principal de cuotas de mantenimiento, derramas, intereses y penalidades.

Así las cosas, el 4 de agosto de 2025, la señora Trinidad Rodríguez presentó su escrito en oposición a la moción de sentencia sumaria instada por P&P, mientras que, el 8 de agosto de 2025, P&P presentó su oposición respecto a la solicitud de sentencia sumaria de la señora Trinidad Rodríguez.

Evaluados los escritos de ambas partes, el 24 de octubre de 2025, el foro primario emitió su *Sentencia Parcial.* Mediante el referido dictamen, el tribunal razonó que no se encontraba en posición de concluir si las cantidades reclamadas por P&P como deuda principal e intereses eran correctas o estaban debidamente sustentadas. Ello debido a que existían incongruencias entre las cifras alegadas por P&P y los cálculos derivados de la evidencia contenida en el expediente. El tribunal manifestó que P&P no detalló el método utilizado para calcular la suma reclamada ni explicó los criterios específicos empleados para determinar el principal adeudado.

El foro primario, a su vez, consignó que no procedía la defensa de prescripción levantada por la señora Rodríguez Trinidad pues las cuotas y derramas reclamadas constituían obligaciones de carácter real, de cumplimiento periódico y continuo, inherentes a la

propiedad y oponibles a terceros. Además, adjudicó sumariamente que se acreditó la falta de pago por parte de las codemandadas y que P&P era el acreedor de dicha obligación. En consonancia, el tribunal declaró parcialmente *Ha Lugar* la moción de sentencia sumaria presentada por P&P y ordenó la continuación de los procedimientos.

En desacuerdo, el 6 de noviembre de 2025, la señora Trinidad Rodríguez presentó una *Moción de Reconsideración*. En su escrito, reiteró su reclamo en cuanto a que toda partida adeudada previo a los cinco (5) años anteriores a la radicación de la demanda de epígrafe estaba prescrita y a que debía desestimarse el resto de la reclamación, por insuficiencia de prueba que demostrara que P&P era acreedor con derecho al cobro de la obligación reclamada por la alegada deuda con el Condominio Bahía A en el periodo entre el 1ro de enero de 2013 y el 1ro de diciembre de 2022, así como que acreditara su derecho al cobro de las cuotas con posterioridad dicha fecha. Sin embargo, la referida solicitud fue declarada *No Ha Lugar* por el foro primario mediante la *Orden* de 14 de noviembre de 2025.

Inconforme, el 15 de diciembre de 2025, la parte apelante acudió ante este foro revisor mediante un *Recurso de Apelación*. En este alega que el foro primario cometió los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al emitir Sentencia Parcial declarando Ha Lugar parcialmente la Moción de Sentencia Sumaria de la parte demandante-apelada cuando de la prueba unida a la Demanda, incorporada por vía de referencia a la Demanda Enmendada y a la Segunda Demanda Enmendada, y la prueba producida durante el descubrimiento de prueba realizado entre las partes, no surge de modo alguno que la deuda reclamada en este pleito haya sido vendida por el Consejo de Titulares del Condominio Bahía A ni a PRRES, ni a P&P Getways, LLC.

> Erró el Honorable Tribunal de Primera Instancia al determinar que la parte demandante-apelada es acreedora de la obligación reclamada utilizando como base y fundamento los 14 Debt Certificates sometidos sorpresivamente por ésta adjunto con su Moción de Sentencia Sumaria, los cuales NUNCA antes produjo a la demandada durante el descubrimiento de prueba, ni formaban parte de la prueba unida a la Demanda,

incorporada por vía de referencia a la Demanda Enmendada y a la Segunda Demanda Enmendada.

Erró el Honorable Tribunal de Primera Instancia al determinar que no es de aplicación el plazo quinquenal establecido en el Artículo 1866 del Código Civil de 1930 a las reclamaciones sobre cuotas de mantenimiento y al cobro de derramas pagaderas a plazos incoadas contra los titulares y, por consiguiente, rechazar la defensa de prescripción levantada por la demandada-apelante.

Luego, el 17 de diciembre de 2025, la parte apelante presentó una *Moción Informativa sobre Falta de Notificación de Sentencia por Edicto y Posible Prematuridad del Recurso de Apelación.*

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…". Ante ello, prescindimos de la comparecencia de la parte apelada.

## II.

### A.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*, citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012) y otros. Así, "cuando un tribunal determina que no tiene

jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *Allied Management Group, Inc. v. Oriental Bank*, supra, pág. 387.

Un tribunal carece de jurisdicción para adjudicar una controversia cuando un recurso instado de forma prematura. Un recurso prematuro se presenta en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación, por lo que adolece del grave e insubsanable defecto de falta de jurisdicción. *Padilla Falú v. AVP*, 155 DPR 183, 192 (2001). En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025), nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**B**.

La notificación y el archivo en autos de una copia de la notificación de una sentencia resulta ser una etapa crucial del proceso adjudicativo. Desde ese momento la sentencia se considera final mas no firme, pues de la misma se puede recurrir para solicitar un remedio apelativo. *Yumac Home v. Empresas Massó*, supra, págs. 105-106. Por ello "[l]a correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial". *Íd.*[1]

En cuanto a la notificación de órdenes, resoluciones y sentencias, la Regla 65.3 (c) de Procedimiento Civil, 32 LPRA Ap. V,

---

[1] Citando a J.A. Cuevas Segarra, *Práctica procesal puertorriqueña: procedimiento civil*, San Juan, Pubs. JTS, 1979, Vol. II, pág. 436.

R. 65.3 (c), según enmendada[2], expresa, en lo pertinente al caso de autos, que:

[...]

**En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.** (Énfasis nuestro).

[...]

Como podemos ver, en los casos en que la parte demandada haya sido emplazada por edicto y el tribunal de instancia le anote la rebeldía por no haber comparecido ante dicho foro, resulta indispensable que la Secretaría expida el aviso de notificación de sentencia por edicto para que la parte demandante pueda proceder con su publicación. Consecuentemente, de no procederse con dicha gestión, el demandante se verá impedido de notificar la sentencia por medio de edicto. Además, quedará paralizado el término para acudir en revisión ante el Tribunal de Apelaciones. *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 39 (2000).

**III.**

En el presente recurso, atenderemos con primacía el asunto jurisdiccional que surge del expediente. Ello, relacionado a la presentación prematura del recurso de revisión judicial bajo

---

[2] Véase, Ley Núm. 44 de 3 de marzo de 2023.

nuestra consideración. Adelantamos que la notificación de la *Sentencia Parcial* apelada contiene deficiencias que inciden en nuestra autoridad revisora. *Veamos.*

Según expuesto anteriormente, la Regla 65.3(c) de Procedimiento Civil, *supra*, dispone expresamente que, en los casos como el de autos, en el que una parte fue emplazada mediante edicto, se le anotó la rebeldía y nunca compareció al pleito, **los términos comenzarán a computarse a partir de la fecha de la publicación del edicto que notifica el dictamen**. Al pronunciar la sentencia, el Tribunal de Primera Instancia debe expedir un aviso de notificación de sentencia por edicto para su publicación por la parte demandante. Igualmente, dentro de los diez (10) días de publicado el edicto, se deberá enviar la copia del aviso de notificación de sentencia por correo certificado con acuse de recibo a la última dirección conocida de la parte codemandada, entiéndase a la señora Trinidad Soto.

En el presente caso, el foro primario emitió una *Sentencia Parcial* el 24 de octubre de 2025. Sin embargo, el récord ante nos no refleja que dicha determinación haya sido notificada por edicto a la señora Trinidad Soto, quien fue emplazada por edicto, no compareció al pleito y contra quien se anotó la rebeldía. Más aun, tampoco surge que se haya enviado copia del aviso de notificación de sentencia publicado por correo certificado con acuse de recibo a la última dirección conocida de la señora Trinidad Soto dentro de los diez (10) días después de la publicación del edicto o que se haya acreditado la fecha de publicación del edicto mediante una declaración jurada del agente autorizado del periódico.

Recordemos que las Reglas de Procedimiento Civil, *supra*, disponen el andamiaje que cobija a una parte en tales circunstancias y constituyen una garantía mínima del debido proceso de ley. La notificación adecuada de la sentencia no es un

mero formalismo, sino un requisito esencial para salvaguardar el derecho de toda parte a ser oída y a ejercer oportunamente los remedios post-sentencia que el ordenamiento provee. Por lo que, ante la ausencia de constancia en autos sobre el cumplimiento con dicho requisito de notificación, este Tribunal concluye que no se acreditó adecuadamente la notificación de la *Sentencia Parcial* respecto a dicha parte.

En vista de lo anterior, procede la desestimación del recurso de epígrafe por falta de jurisdicción, por ser uno prematuro. Una vez se realice el trámite dispuesto en la precitada Regla 65.3(c) de Procedimiento Civil, *supra*, comenzará a decursar el término para acudir ante este foro intermedio.[3] Al ser ineficaz la *Sentencia Parcial* impugnada, todo trámite posterior resulta igualmente inoficioso.

Advierta la parte apelante que este Foro no está pasando juicio sobre los méritos de la *Sentencia Parcial*. Por ende, esta podrá recurrir en apelación, de entenderlo necesario, luego de que la correspondiente notificación sea acreditada.

**IV.**

Por los fundamentos antes esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 116-117. Se devuelve el caso al tribunal de instancia para el trámite ulterior.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Dicho trámite deberá acreditarse ante el TPI.